# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 25-654

DYLAN CAIN DUPLANTIS

VERSUS

KORTNEY RAE FONTENOT DUPLANTIS

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-323-23
HONORABLE C. STEVE GUNNELL, DISTRICT JUDGE

**********

**JONATHAN W. PERRY**
**JUDGE**

**********

Court composed of Van H. Kyzar, Jonathan W. Perry, and Ledricka J. Thierry, Judges.

**VACATED; REMANDED.**

**April P. Defelice**
**The Law Office of April Petry Defelice, LLC**
**203 W. Main Street, Suite 208**
**New Iberia, Louisiana 70560**
**(337) 364-1275**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Kortney Rae Fontenot Duplantis**


**Austin J. Pottorff**
**Fuerst, Carrier, & Ogden, LLC**
**127 W. Broad Street, Suite 300**
**Lake Charles, Louisiana 70601**
**(337) 436-3332**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Dylan Cain Duplantis**

**PERRY, Judge.**

This appeal arises from a February 18, 2025 judgment involving custody proceedings, during which Appellant was held in contempt of court and her counsel was sanctioned. For the following reasons, we vacate the trial court's judgment and remand for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

Dylan Cain Duplantis ("Dylan") and Kortney Rae Fontenot Duplantis ("Kortney") were married in October 2016 and had one child, C.C.D.,[1] born in December 2022. In June 2023, divorce proceedings were initiated on the basis that Dylan and Kortney had physically separated since November 2022.

The matter presently before this court stems from custody proceedings affecting Dylan and Kortney's child. After a hearing officer conference ("HOC") on October 31, 2023, neither Dylan nor Kortney objected to the recommended joint custody and visitation arrangement. Therefore, on November 8, 2023, the trial court signed a Judgment on Hearing Officer's Recommendations establishing joint custody, designating Kortney as the domiciliary parent, and setting custodial periods.

On June 18, 2024, Dylan filed a Rule for Contempt and Modification of Custody alleging that Kortney "refused to adequately transition to overnight access for [Dylan] even though the minor child has been weaned off breast milk as his primary source of sustenance[;]" and "improperly used the title of domiciliary parent." Dylan specifically requested "share[d] equal access . . . on a fifty/fifty basis" and for him to be named domiciliary parent because Kortney's actions

---

[1] Initials are used to ensure the confidentiality of minors. Uniform Rules—Courts of Appeal, Rule 5–2.

constituted a material change in circumstances warranting custody modification. Despite being originally scheduled for July 30, 2024, when the parties and their respective counsel appeared, the hearing officer rescheduled two future HOCs, splitting the issues of custody and contempt.

On August 20, 2024, the first HOC was held on Dylan's request to modify custody. The hearing officer recommended maintaining joint custody with Kortney as the domiciliary parent but expanding Dylan's custodial time to include overnight custody. The recommendations gave notice to the parties that any objections were due five days after the HOC, in compliance with La.Dist.Ct.R. 35.5.[2]

On August 27, 2024, Kortney filed an Objection to Hearing Officer's Recommendations ("Kortney's objection") by facsimile transmission.[3] Her original document was delivered to the clerk of court on September 4, 2024.

On August 27, 2024, Dylan filed an Appeal of Hearing Officer's Conference and Recommendations and Order ("Dylan's objection") by facsimile transmission.[4] His original documents were delivered to the clerk of court on September 12, 2024, and later that same day, the Order which was attached to Dylan's objection was signed by the trial court. It declared, in pertinent part, "the Hearing Officer's recommendations that are objected to shall constitute an interim order with which all parties shall comply pending final disposition by the Court, but the interim orders

---

[2] Rule 35.5 of the Louisiana District Court Rules provides:

Any objection to the written recommendation of a hearing officer and judgment of the domestic commissioner shall be filed with the clerk of court within five (5) days, exclusive of legal holidays, from the issuance of the recommendation. For court-specific rules concerning objections to hearing officer recommendations and judgments of domestic commissioners, *see* Appendix 35.5.

[3] Kortney objected "to the recommendations rendered by the Hearing Officer."

[4] Dylan objected "to the designated domiciliary parent."

shall not prejudice or affect the retroactivity of the claims of either party[.]" The signed Order was served on counsel for Kortney on the afternoon of September 17, 2024.

On September 10, 2024, the second HOC was held on Dylan's request for Kortney to be held in contempt. The court minutes state:

> Case called on a civil contempt rule filed on behalf of the plaintiff. Present are the plaintiff represented by Mr. Austin Potterff [sic] and the defendant represented by Ms. Alice [sic] Defelice. A pre-trial conference was held earlier this morning. Mr. Potterff [sic] made a motion to dismiss[] the contempt portion of the motion, but noted that an appeal is still pending. The Court grants this motion and informed the parties that the previously issued recommendation[] is the order of the court, pending the appeal. Upon motion by Ms. Defelice, the Court will dismiss the contempt, with prejudice. . . . The Court reiterated that the previously issued recommendation[] is in effect now, until the appeal is heard.

A judgment signed on November 7, 2024, memorializes the second HOC and states, in relevant part, "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the August 20, 2024 Hearing Officer Recommendations are an Interim Order of the Court." Notice of this judgment was mailed to all parties on November 8, 2024.

On September 19, 2024, Dylan filed a Rule for Contempt and Writ of Habeas Corpus ("motion for contempt") asserting, "The parties attended a Hearing Officer Conference on August 20, 2024[,] and the Hearing Officer Recommendations were appealed by both parties. The Hearing Officer Recommendations are an Interim Order of this Honorable Court." He also alleged that since the HOC on August 20, 2024, "[Kortney] has violated almost every provision put in place regarding custody and alienation[.]" Dylan specified Kortney's alleged violations as occurring on August 21, 22, 27, 28, 29, 30, and September 1, 2, 3, 5, 10, 12, and 17, 2024.

On October 8, 2024, Kortney filed a Motion to Strike Motion Appeal of Hearing Officer's Conference Report and Recommendations with Order and Motion

to Stay, Dismiss and/or Continue Rule for Contempt and Writ of Habeas Corpus Hearing and Answer to Writ of Habeas Corpus ("motion to strike"). Kortney moved to strike Dylan's objection, including the attached Order, on the basis that Dylan did not comply with La.R.S. 13:850. She argued that because Dylan's original documents were filed on September 12, 2024 (sixteen calendar days and eleven business days after the facsimile transmission), they were untimely and, thus, had no force and effect under La.R.S. 13:850(C).[5] Answering Dylan's motion for contempt, Kortney asserted she "has violated none of the provisions of the current custody Judgment[6] of this court nor has she willful [sic], intentionally, knowingly, or purposely, and without justification, disobeyed any lawful order or judgment in which [Dylan] is alleging [Kortney] has violated."

On October 24, 2024, Dylan filed an Answer to Motion to Strike Motion Appeal of Hearing Officer's Conference Report and Recommendations with Order and Motion to Stay, Dismiss and/or Continue Rule for Contempt and Writ of Habeas Corpus Hearing and Answer to Writ of Habeas Corpus and Reconventional Demand for Sanctions ("demand for sanctions"). Therein, Dylan argued that Kortney's October 8, 2024 motion to strike was frivolous and sought sanctions against Kortney and her counsel under La.Code Civ.P. art. 863. Service of Dylan's demand for sanctions, and Order setting it for trial on October 29, 2024, was effectuated on Kortney's counsel on the morning of trial. When counsel for Kortney objected to the late service and moved to continue the hearing on Dylan's demand for sanctions, the trial court overruled the objection and proceeded to trial.

---

[5] Kortney also sought a ruling on her motion to strike prior to or in conjunction with the hearing on Dylan's motion for contempt.

[6] Kortney is referring to the November 8, 2023 Judgment on Hearing Officer's Recommendations.

4

After trial on October 29, 2024, the matter was taken under advisement, and the parties were allowed to submit post-trial memoranda. Written Reasons for Ruling were issued on December 10, 2024, wherein the trial court declared, in pertinent part (emphasis added):

> The Court finds that KORTNEY is in contempt for her failure to follow the interim order of this Court which granted DYLAN more visitation. However, the COURT believes that KORTNEY was only following the advice of her attorney on the matter. Counsel for [KORTNEY] was informed several times by the Court and the hearing officer that the recommendations by the hearing officer were an interim order and **automatically went into effect after the conference**. The recommendations would have become a final order if no party had filed any objections; however, as both parties filed objections, the recommendations were an interim order and in effect until a hearing could be held on the objections. Despite knowing this information, counsel for [KORTNEY] continued to advise her client not to comply with the recommendations and withhold overnight visitation to DYLAN. The Court therefore finds KORTNEY's attorney, April Defelice, to be in contempt and will sanction her conduct by awarding attorney fees to DYLAN as a result of the numerous motions and hearings that were necessitated by her actions.
>
> Because DYLAN was repeatedly denied the visitation granted to him in the interim order and because [C.C.D.] is no longer breastfeeding, the Court determines that a material change of circumstances has occurred since the parties' first custody arrangement. The Court orders that the parties have a shared visitation schedule – alternating weeks between DYLAN and KORTNEY, with DYLAN as the domiciliary parent.

On February 18, 2025, the trial court signed a judgment modifying custody, changing domiciliary parent status to Dylan, finding Kortney and her counsel in contempt of court, and sanctioning Kortney's counsel by ordering her to pay $12,026 in attorney fees to counsel for Dylan within forty-five days.

A motion for new trial was filed but denied. This appeal followed.[7]

---

[7] The Motion and Order for Appeal was jointly filed by Kortney and her counsel, April Petry Defelice.

## ASSIGNMENTS OF ERROR

A.     The Trial Court Erred in Failing to Rule on Defendant/Appellant's Motion to Strike, and This Error Materially Affected the Outcome of the Case by Depriving Defendant/Appellant of Substantial Rights.

B.     The Trial Court Committed Reversible Legal Error by Finding Defendant/Appellant in Contempt of an Order That Did Not Exist at the Time of the Alleged Violations, Thereby Materially Affecting the Outcome and Depriving Defendant/Appellant of Substantial Rights.

C.     The Trial Court Erred by Finding a Material Change of Circumstances Based on an Invalid Interim Order.

D.     The Trial Court's Contempt Finding and $12,260 [sic] Sanction Against Counsel Constitutes Reversible Error Whether Characterized as Contempt or Article 863 Sanctions.

E.     The Trial Court Committed Reversible Error by Admitting Inadmissible Evidence Over Proper Objection and Relying on That Evidence to Formulate Its Ruling[.]

F.     The Trial Court Committed Reversible Error by Denying Defendant/Appellant's Motion for Involuntary Dismissal.

G.     The Trial Court Abused Its Discretion in Finding a "Material Change of Circumstances" as the Finding Is Unsupported by Any Fair Interpretation of the Record Evidence.

## APPELLANT'S ARGUMENTS[8]

Kortney argues her motion to strike Dylan's objection was effectively denied by silence. She contends the trial court's failure to rule on her motion to strike was contrary to the mandate of La.R.S. 13:850, and this legal error materially affected the outcome of these proceedings.

Kortney also argues that the trial court's misapplication of legal principles governing the automatic implementation of hearing officer recommendations as an

---

[8] Though Kortney has assigned seven errors in the trial court, we limit our discussion to Assignments of Error A and B, which we find meritorious.

interim order materially affected the outcome and deprived her counsel of substantial rights. She contends the trial court's finding of contempt was reversible error as it rests entirely on a flawed legal premise that a hearing officer's recommendations automatically become an interim order requiring compliance before the assigned judge signed any order. Kortney argues that the trial court's interpretation directly contradicts La.Dist.Ct.R. 35.8, and that its contempt finding constitutes reversible legal error that materially affected the outcome by serving as the principal basis for finding a material change in circumstances and subsequent custody modification.

## APPELLEE'S POSITION

Dylan argues the trial court did not have to rule on Kortney's motion to strike because it did not change the outcome of the proceedings. He also alleges that issues with the clerk of court's filing system, combined with legal holidays[9] and weather-related court closures, delayed the filing of his original documents.[10]

Dylan also contends the trial court rightly found the actions of Kortney and her counsel constituted contempt of court. He contends La.R.S. 46:236.5 allows a district court to create a local rule that makes a hearing officer's recommendations an interim order as soon as it is created. According to Dylan, not only does such a rule exist in the Thirty-First Judicial District Court, but Kortney and her counsel were explicitly told by the trial court that the hearing officer's recommendations were a temporary order as soon as they were made.

---

[9] Dylan, in brief, asserts, "August 30th, 2024 was Huey P. Long Day, September 2nd, 2024 was Labor Day, which are both legal holidays according to Louisiana Revised Statutes 1:55(1)[.]"

[10] Neither these allegations, nor any supporting evidence, were presented at trial. Appellate courts will not consider arguments raised for the first time on appeal that were not plead and addressed by the trial court. *Mosing v. Domas*, 02-12 (La. 10/15/02), 830 So.2d 967.

7

Kortney contends that although it was presented at trial, the trial court failed to rule on her motion to strike Dylan's objection. Our review of the record confirms that the trial court rendered no ruling—either in its Reasons for Ruling or in its February 18, 2025 judgment—concerning Kortney's motion to strike Dylan's objection.

"[I]t is well settled that when a trial court's judgment is silent with respect to a party's claim or an issue placed before the court, it is presumed that the trial court denied the relief sought." *Moore v. Moore*, 12-959, p. 4 (La.App. 3 Cir. 4/10/13), 116 So.3d 18, 22, *writ denied*, 13-1065 (La. 6/21/13), 118 So.3d 421. Ordinarily, an appellate court reviews a ruling on a motion to strike for an abuse of discretion, but when the ruling involves an interpretation of a statute, an appellate court reviews the ruling de novo. *Hurel v. Nat'l Fire & Marine Ins. Co.*, 25-049 (La.App. 4 Cir. 3/11/25), 414 So.3d 778.

In her motion to strike, Kortney argued Dylan's objection was untimely filed and therefore had no legal effect. The evidence reflects that Dylan's objection, and attached Order, were fax-filed on August 27, 2024. The original document was not received by the clerk's office and filed into the record until September 12, 2024, at 2:49 p.m.

Louisiana Revised Statutes 13:850(A) authorizes the filing of any document in a civil action to be filed with the clerk of court by facsimile transmission. Under La.R.S. 13:850(B), Dylan was required to deliver to the clerk of court the original documents and fees "[w]ithin seven days, exclusive of legal holidays, after the clerk of court receive[d] the facsimile filing." Louisiana Revised Statutes 13:850(C) (emphasis added) provides that "[i]f the filing party fails to comply with any of the

8

requirements of Subsection B of this Section, **the facsimile filing shall have no force or effect**." This language is not discretionary. Pursuant to La.R.S. 13:850(C), because the originals of Dylan's objection and the attached Order were not timely delivered to the clerk, the facsimile of Dylan's objection was without force or effect. The denial of Kortney's motion to strike was trial court error.

Next, we turn to Kortney's contention that the trial court wrongly regarded the hearing officer's recommendations as automatically effective after the HOC. Kortney and her counsel have steadfastly maintained that recommendations issued by a hearing officer become an interim order only upon the assigned judge's signature following timely objection.

The record reveals that Dylan and the trial court have tenaciously regarded the hearing officer's recommendations as automatically becoming an interim order as soon as they were made. In his brief to this court, Dylan alleges that local rules specific to the Thirty-First Judicial District Court exist. He further argues that even if his objection was untimely and struck from the record, the local rules of the Thirty-First Judicial District Court make it such that the hearing officer's recommendations become an interim order immediately upon their issuance, regardless of whether a party objects.

Louisiana Revised Statutes 46:236.5(C)(3)(a) provides that a hearing officer in family and domestic matters "shall act as a finder of fact and shall make written recommendations to the court concerning . . . establishment and modification of child and spousal support, child custody and visitation." Under La.R.S. 46:236.5(C)(6), any party who disagrees with a hearing officer's recommendation may file a written objection, in compliance with La.Dist.Ct.R. 35.5. "Upon filing of the objection, the court shall schedule a contradictory hearing where the judge shall

9

accept, reject, or modify in whole or in part the findings of the hearing officer." La.R.S. 46:236.5(C)(6). If no objection is timely filed, "the order shall become a final judgment of the court and shall be signed by a judge and appealable as a final judgment." La.R.S. 46:236.5(C)(7).

More specific rules concerning objections to a hearing officer's recommendations are contained in the local rules for Louisiana district courts. Rule 35.8 of the Louisiana District Court Rules (emphasis added) provides:

> If a written objection to the hearing officer recommendation is timely filed, then the court may, in its discretion, adopt the findings as temporary orders, **upon signature** of the assigned judge, pending the final disposition of the claims by the court. Any temporary orders signed by the district judge shall be considered interlocutory. This temporary order shall be without prejudice and shall not affect the retroactivity claims of the parties.
>
> For court-specific rules concerning adoption of a hearing officer's recommendation as a temporary order after objection, *see* Appendix 35.8.

Contrary to Dylan's contention, our examination of Appendix 35.8 to the Rules for Louisiana District Courts and Juvenile Courts and Louisiana Family Law Proceedings does not reveal any provisions specific to the Thirty-First Judicial District Court, much less a rule concerning adoption of a hearing officer's recommendation as a temporary order after objection.[11] Even if such a rule existed,

---

[11] Dylan's appellate brief contends:

Even if [Dylan]'s Objection was untimely and struck from the record, the Hearing Officer Recommendations would still be an interim order of the Court because of the 31st Judicial District Local Rule Appendix "A" Section D(4), "The Hearing Officer's recommendation is deemed a temporary order on all matters which shall be forwarded to the District Judge for consideration as a temporary order after the objection period has expired." Therefore, the recommendations were a temporary order as soon as they were made. Further, according to the 31st Judicial District Local Rule Appendix "A" Section D(5), the Judge has the ability to accept, reject, or modify Hearing Officer recommendations.

the record does not reflect that a valid temporary order was ever signed by the trial court before November 7, 2024. As this court stated in an earlier appeal from the Thirty-First Judicial District Court: "Where a party objects to the hearing officer's recommendation, that recommendation does not have an effect of a court order, and the local rules cannot modify La.R.S. 46:236.5 to do so. *Piccione v. Piccione*, 01-1086 (La.App. 3 Cir. 5/22/02), 824 So.2d 427." *Chapman v. Chapman*, 21-157, p. 4 n.6 (La.App. 3 Cir. 10/27/21) (unpublished opinion).

With no valid temporary order signed when Dylan's motion for contempt was filed on September 19, 2024, there is no foundation for the trial court's contempt finding against Kortney, much less her counsel. Counsel for Kortney was following the law; Kortney was following the advice of counsel.

The entirety of the judgment is hereby vacated. Also, Kortney's remaining assignments of error are rendered moot by our above findings.

### DECREE

We vacate the trial court's February 18, 2025 judgment and remand for further proceedings. Costs of this appeal are assessed to Plaintiff/Appellee, Dylan Cain Duplantis.

**VACATED; REMANDED.**

---

We find no such language in Appendix 35.8 to the Rules for Louisiana District Courts and Juvenile Courts and Louisiana Family Law Proceedings. Even if it did, this language anticipates judicial review and action, not automatic effect of the hearing officer's recommendations.